United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBG CORPORATION, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NETEASE, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-06615-JSW<br><br>**REDACTED ORDER DISMISSING FOR LACK OF JURISDICTION**[1]<br><br>Re: Dkt. No. 53 |

This matter comes before the Court upon consideration of the parties' joint letter brief addressing the issue of whether this Court has jurisdiction to hear this case, which the Court shall refer to as *PUBG II*. The Court has considered that brief, relevant legal authority, the record in this case, and the record in the related case *PUBG Corporation, et al. v. NetEase, Inc., et al.*, No. 18-cv-02010-JSW ("*PUBG I*"). The Court concludes it does not require oral argument from the parties. For the reasons set forth herein, the Court concludes it does not have jurisdiction, denies Plaintiffs' request to amend under Federal Rule Civil Procedure 60(a), and dismisses this case without prejudice.

**BACKGROUND**

In *PUBG I*, Plaintiffs alleged Defendants copied protected elements of its video game "Playerunknown's Battlegrounds" and asserted claims for copyright infringement of in violation of 17 U.S.C. sections 101, *et seq.*, trade dress infringement, in violation of 15 U.S.C. section 1125(a), unfair competition in violation of California Business and Professions Code sections 17200, *et seq.*, and unfair competition in violation of California common law.

---

[1] The Court filed a version of this Order under seal. The redactions herein comport with rulings the Court has made on the parties' motions to seal.

On April 8, 2019, the Court approved the parties' stipulation of dismissal. (*PUBG I*, Dkt. No. 102. ("Dismissal Order").) The parties stated they had "settled this matter on or about March 11, 2009" and stipulated that "the above-captioned action should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)." (*Id.* at 2:1-3.) The parties did not submit the Settlement Agreement as an exhibit to the stipulation and they did not specifically refer to its terms. The Court stated: "The Court having considered the stipulation of the parties, and good cause appearing therefor, orders that this action is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)." (*Id.* at 3:2-3.)

On October 15, 2019, Plaintiffs filed the complaint in this case, in which they alleged a single claim for breach of contract. Plaintiffs allege that "[t]his Court has subject matter jurisdiction over PUBG's claims because they arise under a Settlement Agreement ▮ ▮ *PUBG I*. (*PUBG II*, Dkt. No. 4-5, Compl. ¶ 10.) Plaintiffs also alleged that ▮ ▮ (*Id.* ¶ 10 (citing Settlement Agreement, ¶ 14.))

Paragraph 14, which is entitled ▮, provides, in part, that an action



(Dkt. No. 4-6, Settlement Agreement ¶ 14.)

On October 30, 2019, Plaintiffs moved to relate this case to *PUBG I*, and the Court granted that motion.

On January 21, 2020, Defendants filed a joint motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. On February 3, 2020, Plaintiffs filed a

motion for a preliminary injunction. Those motions are scheduled to be heard on May 8, 2020.

On February 21, 2020, the parties submitted a stipulated request for a joint case management conference and to brief the issue of whether the Court has jurisdiction over the matter. In that stipulation, Defendants stated that "on February 11, 2020, [they] determined, for the first time, that the Court may lack subject matter jurisdiction over this litigation because the stipulated dismissal filed in PUBG I does not expressly state that the Court retained jurisdiction over the matter." (Dkt. No. 50, Stipulation at 1:12-15.)[2]

The Court granted the request to permit briefing and denied the request for a case management conference without prejudice.

On February 25, 2020, the parties filed their joint letter brief.

**ANALYSIS**

"Federal courts are courts of limited jurisdiction," and "[i]t is to be presumed that a cause lies outside this limited jurisdiction" unless otherwise shown. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In *Kokkonen*, the Supreme Court held that "[i]f parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so," by stating in the dismissal that the court would retain jurisdiction or by incorporating the terms of the settlement agreement in the order. *Id.* (emphasis added/in original). "Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* at 381-82.

Plaintiffs do not suggest there is an independent basis for federal jurisdiction over the current claims, and it is undisputed that the parties are not completely diverse. (*PUBG II*, Compl. ¶¶ 5-9.) Plaintiffs acknowledge that the Court did not state in the Dismissal Order that it would retain jurisdiction. Although the stipulation refers to the settlement, that alone is not sufficient to incorporate the terms of the parties' agreement into the Dismissal Order. *See, e.g., Kokkonen,* 511 U.S. at 381 ("The judge's mere awareness and approval of the terms of the settlement agreement

---

[2] Defendants note they also raised the issue in their reply in support of the motion to dismiss, which was filed on February 11, 2020.

3

do not suffice to make them part of his order."); *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995) (dismissal order stating it was "based on" settlement not sufficient to confer jurisdiction, even where settlement was filed with the court); *Situ v. Wong*, No. 13-cv-05102 JD (NJV), 2015 WL 433477, at *2 (N.D. Cal. Jan. 29, 2015).

███████████████████████████████████████ *Arata v. NuSkin Int'l., Inc.*, 96 F.3d 1265, 1269 (9th Cir. 1996) (citing cases); *see also Situ*, 2015 WL 433477, at *2. As noted in *Kokkonen*, "compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, *in the court's discretion*, be one of the terms set forth in the order." 511 U.S. at 381 (emphasis added). By its terms, the Court did not retain jurisdiction over this matter in the Dismissal Order, and the parties did not incorporate the terms of the Settlement Agreement into the Dismissal Order. Therefore, the Court lacks jurisdiction over *PUBG II*.

Plaintiffs urge the Court to amend the Order of dismissal in *PUBG I* pursuant to Federal Rule of Civil Procedure 60(a), which permits a court to correct a "clerical mistake or a mistake arising from oversight or omission." "Rule 60(a)'s touchstone is fidelity to the intent behind the original judgment," and in the Ninth Circuit the focus is on a court's original intent. *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012); *see also id.* at 1080 (quoting *Burton v. Johnson*, 975 F.2d 690, 694 (10th Cir. 1992)). The Court "may use Rule 60(a) to facilitate enforcement of its judgments" and to correct any ambiguities. *Id.* at 1078. However, the Court cannot amend the order under the guise of correction "to reflect a new and subsequent intent." *Id.* at 1080 (quoting *Burton*, 975 F.2d at 964).

Plaintiffs rely, in part, on *Kang v. Harrison* to support their argument that the Court should amend the Dismissal Order. 789 Fed. Appx. 68, 69 (9th Cir. 2020). In *Kang,* the Ninth Circuit affirmed the district court's decision to amend a dismissal order to include language retaining jurisdiction to enforce the parties' settlement agreement and concluded that "ample evidence in the record" supported "a finding that this amendment comports with the district court's original intent." *Id.* The court noted that a docket entry resulting from a settlement conference before a magistrate judge noted that the court "[would] retain jurisdiction over the settlement." *Id.* The

4

court also looked to the terms of the settlement agreement, which provided that the district court "has jurisdiction over this Agreement." *Id.*

Plaintiffs argue the Court's intent can be inferred from its Order relating this matter to *PUBG I*. However, when Plaintiffs moved to relate the two cases, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ They also did not specifically alert the Court to paragraph 10 of the Complaint in *PUBG II*. Instead, Plaintiffs focused their argument on the standards set forth in Northern District Civil Local Rule 3-12. The Court's decision to grant the motion to relate was based on that standard ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

Plaintiffs also argue the Court's intent can be inferred from an Order in *PUBG I*, in which the Court approved the parties' stipulation to stay the matter for a brief period of time. In their stipulation, the parties stated they had settled the matter pursuant to a Settlement Agreement and asked to stay the matter until April 12, 2019 because the terms of the agreement required certain actions to be taken before the case could be dismissed with prejudice. When the Court approved the stipulation, it also denied a motion to dismiss without prejudice and stated Defendant could renew the motion *if the settlement was not finalized*. (Dkt. No. 100.) When the Court stated Defendant could renew a motion to dismiss so that the case could proceed if the settlement was not finalized, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ did not intend to suggest it would retain jurisdiction over disputes relating to the Settlement Agreement after the parties dismissed the matter. Moreover, at that time, the case was pending, and the Court would have had the inherent authority to summarily enforce the agreement. *See, e.g., Thomas v. Shree Jalaram, LLC*, No. 18-cv-06409-LB, 2019 WL 3503806, at *10 (N.D. Cal. Aug. 1, 2019) (citing *In re Suchy*, 786 F.2d 900, 902-03 (9th Cir. 1985) but denying motion to enforce settlement because original case had been dismissed).

//
//
//
//

Accordingly, the Court DENIES Plaintiffs' request to amend the Dismissal Order. Because the Court lacks jurisdiction, the Court DISMISSES this case without prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 3, 2020

_____
JEFFREY S. WHITE
United States District Judge